IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV497-V

| | | |
|---|---|---|
| LINDA FAYE WINGO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | UPON INITIAL REVIEW |
| | ) | OF *PRO SE* COMPLAINT |
| ROBERT JEROME COLE, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Plaintiff's *pro se* application to proceed in forma pauperis, filed on November 23, 2009. (Document #2)

After conducting an initial review of Plaintiff's Complaint, the Court finds that Plaintiff's civil action is not properly before this Court. As a result, the Court does not reach the question of Plaintiff's indigency status.

In her *pro se* Complaint, a fill-in-the-blank form for civil suits under 42 U.S.C. §§1983 and 1985, Plaintiff Linda Faye Wingo ("Wingo") alleges a history of child abuse by Defendant Robert Jerome Cole ("Cole").[1] Hospital records from "Carolinas Medical Center - Union" as well as several Incident / Investigation Reports from the Union County Sheriff's Office are attached to the Complaint. According to the most recent hospital records, Preston Jamarkus Cole (DOB: 6/9/94) was examined on October 5, 2009, at 11:44 a.m. for a reported assault in which the fifteen-year old child sustained abrasions and contusions in the shoulder area. (Document #1-1 at 1) The Patient Discharge Summary states that the doctor is reporting the incident to the police or Child Protective

---

[1] According to Plaintiff, although Cole has primary physical custody, she and Cole have joint legal custody of the children.

1

Services as required by state law and that based on the medical exam performed, it is safe for the child to be released in accordance with the Child Protective Services or police directives. (Document #1-1 at 2) Hospital records from 2007 and 2004 also reveal either Child Protective Services action or referral with reference to Christian Seantae Cole (DOB: 1/16/96) and similar incidents concerning Preston.

In a handwritten letter-motion that accompanied the Complaint, Plaintiff alleges that Cole has been "beating" their children since 2004, that the children are "very much afraid of their father and stepmother," and that she is "afraid for [her] children's li[ves] and well being and what he will do next." (Document #3) Plaintiff asserts that the responses by Union County Department of Social Services have been ineffective in addressing these matters. (Document #3) Plaintiff requests that this federal district court issue a "temperary[sic] restraining order" and award her "temperary[sic] custody." (Document #3)

Construing Plaintiff's filings liberally as this Court is required to do, Plaintiff does not allege that her federal constitutional rights have been violated or that Defendant Cole was acting under the authority or color of state law at the time these claims occurred. (Compl. ¶2) Because Plaintiff's federal civil action is more akin to a petition for sole legal custody, an emergency motion to modify the existing custody agreement, or a potential grievance regarding the Union County Department of Social Services, any one of which would appear to be more appropriately brought within the state court system, the Court lacks jurisdiction over the subject matter.[2] Therefore, Plaintiff's action is

---

[2] Plaintiff indicates that she has never filed any other lawsuit in state or federal court that deals with these facts. However, one of Plaintiff's attachments states, "I had pictures but the court claim[ed] they could not find the pictures that my children had bru[i]ses and scar[]s / and one was my son['s] eye was almost put out." (Document #1-6)

subject to summary dismissal before service of process or amendment of the complaint following screening under Section 1915(e)(2). *See e.g.*, In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997).

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's action is summarily dismissed pursuant to 28 U.S.C. §1915(e)(2)(B);

2. Plaintiff's Application To Proceed *In Forma Pauperis* is hereby **DENIED AS MOOT**; and

3. The Deputy Clerk is directed to mail a copy of the instant Order to:

> D. Dontae Latson, MSSA, LCSW, Director
> Union County Department of Social Services
> P.O. Box 489
> Monroe, NC 28111-0489.

Signed: December 2, 2009

Richard L. Voorhees
United States District Judge